

**CT Corporation**
Service of Process Notification
07/19/2022
CT Log Number 541945876

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | KIM LUNDY- EMAIL<br>Walmart Inc.<br>GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200<br>BENTONVILLE, AR 72712-3148 |
| **RE:** | Process Served in Texas |
| **FOR:** | Wal-Mart Stores Texas, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SOLANO SUSY // To: Wal-Mart Stores Texas, LLC<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Petition, Certificate(s) |
| **COURT/AGENCY:** | 457th Judicial District Court - Montgomery County, TX<br>Case # 220709010 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 03/14/2022, Wal-Mart store located at 23561 US-59, Porter, TX |
| **PROCESS SERVED ON:** | C T Corporation System, Dallas, TX |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/19/2022 at 11:35 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Chelsea Murfree<br>Ramji Law Group<br>9816 Katy Freeway<br>Houston, TX 77055<br>713-888-8888 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/19/2022, Expected Purge Date: 07/24/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the



**CT Corporation**
**Service of Process Notification**
07/19/2022
CT Log Number 541945876

included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| Date: | Tue, Jul 19, 2022 |
| Server Name: | Heather Bork |

| Entity Served | WAL-MART STORES TEXAS, LLC |
|---|---|
| Case Number | 22-07-09010 |
| Jurisdiction | TX |

| Inserts | |
|---|---|
| | |



# CITATION
Cause Number: 22-07-09010

| | |
|---|---|
| Clerk of the Court | Attorney Requesting Service |
| Melisa Miller | Chelsea Murfree |
| P.O. Box 2985 | 9816 Katy Freeway |
| Conroe, Texas 77305 | Houston TX 77055 |

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. <u>If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.</u> In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

To: Wal-Mart Stores Texas LLC
Registered Agent CT Corporation Company
1999 Bryan Street, Suite 900
Dallas TX 75201-3136
   OR WHEREVER THE ADDRESSEE MAY BE FOUND

The attached Plaintiff's Original Petition was filed on the 14th day of July, 2022, in 457th Judicial District Court, located at the Montgomery County Courthouse in Conroe, Texas, numbered 22-07-09010, and includes the following parties: Susy Solano, plaintiff(s), and Wal-Mart Stores Texas LLC, defendant(s).

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 15th day of July, 2022.

Melisa Miller, District Clerk
Montgomery County, Texas

By: _____
Kori Rauen, Deputy         7/15/2022 11:01:02 AM



## OFFICER'S RETURN

Cause No. 22-07-09010  Court No: 457th Judicial District Court
Style: Susy Solano vs. Wal-Mart Stores Texas LLC
To: Wal-Mart Stores Texas L.L.C.
Address: Registered Agent CT Corporation Company
1999 Bryan Street, Suite 900
Dallas TX 75201-3136
OR WHEREVER THE ADDRESSEE MAY BE FOUND

Came to hand the ___day of _____, 20___, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition at the following times and places, to wit:

| Name | Date/Time | Place, Course and distance from Courthouse |
| --- | --- | --- |
| _____ | _____ | _____ |

Manner of service: _____

*And not executed as to the defendants(s) _____
The diligence used in finding said defendant(s) being:
_____
And the cause of failure to execute this process is:
_____
And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy    $_____
                                              _____OFFICER
TOTAL                        $_____
                                              _____County, Texas
                                         By: _____, Deputy

AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement below in substantially the following form:
My full name is _____
My date of birth is ___/___/___, and my address is
_____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of _____,
on the _____day of_____, 20____.

_____
Declarant/Authorized Process Server

_____
ID# & Exp. Of Certification

Declarant/Authorized Process Server
_____
ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

_____
DATE

_____
NOTARY

Received and E-Filed for Record
7/14/2022 12:42 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Bailey LaCaze

22-07-09010

CAUSE NO._____

| | | |
|---|---|---|
| **SUSY SOLANO** | § | **IN THE COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| v. | § | _____**JUDICIAL DISTRICT** |
| | § | Montgomery County - 457th Judicial District Court |
| | § | |
| **WAL-MART STORES TEXAS, LLC** | § | |
| *Defendant.* | § | **MONTGOMERY COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, SOLANA SUSY, to file this original petition against Defendant, WAL-MART STORES TEXAS, LLC, and alleges as follows:

### DISCOVERY-CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### CLAIM FOR RELIEF

2.  Plaintiff seeks monetary relief over $1,000,000.00.

### PARTIES

3.  Plaintiff, SOLANO SUSY, is a resident of Montgomery County and is authorized to file suit in this county.

4.  Defendant, WAL-MART STORES TEXAS, LLC, is a Foreign Limited Liability Company (LLC) doing business in Texas. It may be served through its registered agent, CT Corporation System at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136 or wherever it may be found.

****ISSUANCE OF CITATION IS REQUESTED AT THIS TIME****

## VENUE

5.  Venue is mandatory in Montgomery County, Texas because all or substantially part of the events or omissions giving rise to the accident occurred in Montgomery County, Texas. See Tex. Civ. Prac. & Rem. Code §15.002(a)(1). This Court has jurisdiction over this suit and over the Defendant because: (a) the incident and/or occurrence giving rise to this action, and the conduct, acts, and/or omission of each Defendant alleged herein, all occurred in the state of Texas; and (b) Defendant was doing business in the State of Texas.

6.  Alternatively, Montgomery County is the most convenient forum because almost all of the witnesses of the accident are located in Montgomery County.

## MISNOMER

7.  Plaintiff specifically invokes the right to institute this suit against whatever person(s), entity and/or entities which or who were conducting business and/or representing they were conducting business using other names, aliases or common names and Plaintiff expressly invokes his rights under Rules 28 and 71 of the Texas Rules of Civil Procedure to have the true name of the entity, person(s) and/or party substituted at a later time upon the motion of the any party or of the Court and/or in the interest of justice.

## FACTS

8.  On or about March 14, 2022, Plaintiff Susy Solano, was shopping at Defendant's Wal-Mart store located at 23561 US-59, Porter, Texas ("Store"). While shopping at this Store Plaintiff slipped and fell on an unidentified liquid substance located on the walking and working surface of the cooking oil aisle located within the Store, a true and accurate depiction of which is shown below:

2



9.      As a result of her fall, Plaintiff suffered significant bodily injuries for which she sought and continues to seek medical treatment.

## PREMISES LIABILITY

10.     At all times mentioned herein, Defendant, at all times material herein was and is the owner, possessor, manager, maintainer and otherwise in possession of the 23561 US-59, Porter, Texas ("Store"), including any defect on the premise and was so on March 14, 2022, before, and during these times Defendant had the requisite right of control, by way of actual, legal and/or retained control, over the premises including the unidentified liquid substance located on the walking and working surface of the cooking oil aisle ("Defect") that resulted in Plaintiff's injury.

11. Alternatively, Plaintiff's presence at the Store and engagement with the unidentified liquid substance located on the walking and working surface of the cooking oil aisle was in furtherance of the mutual benefit and business of Defendant.

12. The unidentified liquid substance located on the walking and working surface of the cooking oil aisle located within the Store posed is an unreasonable risk of harm, which constituted a hazardous condition of which Defendant was aware and should have been aware. Alternatively, Plaintiff alleges that Defendant's control of the premises amounts to concurrent negligence.

13. Paragraphs 8, 9, 10, 11 and 12, are incorporated herein, Defendant had a duty to use ordinary care to ensure that the Store, including the Defect on the premise which caused Plaintiff to fall and be severely injured, did not present a danger to Plaintiff. This duty included the duty to inspect, and the duty to warn or to cure the dangerous condition or make such safe, which the Defendant failed to do.

14. Defendant failed to use ordinary care by:

    1.) Failing to clean the Defect off the walking and working surface to prevent Plaintiff's fall;

    2.) By allowing the Defect to develop;

    3.) By allowing the walking and working surface to not be properly maintained in adequate condition so that it did not develop the dangerous Defect that posed an injury threat to Plaintiff;

    4.) Defendant failed to inspect the walking and working surface and/or to ensure that its agents, representative and contractors kept the walking and working surface safe;

5.) Defendant failed to warn invitees and specifically Plaintiff of the Defect, alternatively, any such purported attempt to warn, if any, by Defendant was inadequate as the nature of and reason(s) the danger wasn't conveyed;

6.) Defendant negligently maintained the walking and working surface that developed the Defect, thereby resulting in Plaintiff being injured;

7.) Defendant failed to warn Plaintiff of the condition of the walking and working surface and the Defect;

8.) Defendant did not barricade or put up signs to warn any residents and/or invitees of the Defect; alternatively, any such effort by Defendant to remove the danger and/or to "warn" was inadequate;

9.) Defendant failed to have and to implement written procedures for operation and interaction with any defect on the premise, so as to warn its invitees or to eliminate/remove any risk from such a condition; alternatively, negligently hired, supervised, and retained its employees and contractors who may have been responsible for maintaining the walking surface.

15. Defendant's acts, omissions and negligence constituted a failure to act as a reasonably prudent person under the same or similar circumstances and such negligence proximately caused Plaintiff's injuries and damages.

## NEGLIGENT UNDERTAKING

16. Further, Defendant's undertook, gratuitously or for consideration, to render services to Plaintiff, which Defendant should have recognized as necessary for the protection of Plaintiff's person or things, under the Restatement (Second) of Torts §323.

17. Defendant failed to exercise reasonable care to perform this undertaking, by not properly maintaining its premises, regularly inspecting its premises and creating and enforcing policies to regularly inspect and maintain the premises, particularly the defective ground which severely injured Plaintiff, thus increasing Plaintiff's risk of harm. Restatement (Second) of Tort §323.

18. Further Plaintiff relied upon Defendant's undertaking in a manner that exercised reasonable care, failure of which, resulted in Plaintiff suffering physical harm, under the Restatement (Second) of Torts §323. See *Colonial Sav. Assoc. v. Taylor*, 544 S.W.2d 116, 119 (Tex. 1976).

## GROSS NEGLIGENCE

19. Alternatively, the acts and/or omissions by Defendant outlined in this Petition constitutes gross negligence as that term is define in §41.001(11) TEXAS CIVIL PRACTICE & REMEDIES CODE. Each of these acts and/or omissions, whether taken singularly or in any combination, constitutes gross negligence which proximately caused the incident and/or occurrence, injuries, and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

20. Alternatively, paragraphs 8-19 are incorporated herein for reference. Given the nature and extent that Defendant allowed the premise to be defective and to remain in an unreasonably dangerous condition vis-à-vis its invitees, within the store and accessible to invitees, and with knowledge of the foreseeable and likely injury to invitees, workers, employees or guests, Defendant's negligence amounted to recklessness and indifference to the rights and safety of the Plaintiff and the public. Defendant's acts or omissions are therefore not only negligence but grossly negligent as that term is defined in §41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE and by Texas common law. When viewed objectively from the standpoint of the Defendant, its conduct involves an extreme degree of risk, considering the probability and magnitude of potential harm to

others, including the Plaintiff. Furthermore, Defendant was actually and subjectively aware of the risk to the other involved given the long period of time they were aware of the dangerous risk posed by the defective ground but proceeded with conscious indifference for the rights, safety and welfare of others. Defendant's conduct is objectively wrong and involves a high degree of culpable conduct. Such gross negligence was an actual and a proximate cause of the incident and the resulting injuries and damages suffered by Plaintiff.

## **DAMAGES**

21. Defendant proximately caused injury to Plaintiff which resulted in the following damages:

   a. Physical pain and suffering, from March 14, 2022, to the future;

   b. Mental anguish, from March 14, 2022, to the future;

   c. Diminished capacity to enjoy life and society, from March 14, 2022, to the future;

   d. Physical impairment, from March 14, 2022, to the future;

   e. Diminished capacity to enjoy life and society, from March 14, 2022, to the future;

   f. Loss of earning capacity, from March 14, 2022, to the future;

   g. Lost wages from March 14, 2022, to the future; and

   h. Reasonable and necessary medical expenses, from March 14, 2022, to the future.

## **REQUIRED DISCLOSURE**

22. Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or

material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully pray that the Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the court, together with pre-judgment interest at the maximum rate allowed by law post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**RAMJI LAW GROUP**

Chelsea Murfree
Texas Bar No. 24107873
Adam Ramji
Texas Bar No. 24045209
9816 Katy Freeway
Houston, Texas 77055
Telephone: (713) 888-8888
Facsimile: (866) 672-3372
E-service only: service@ramjilaw.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chelsea Murfree
Bar No. 24107873
cmurfree@calltheram.com
Envelope ID: 66322198
Status as of 7/14/2022 3:55 PM CST

Associated Case Party: Susy Solano

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| CHELSEA MURFREE | | service@ramjilaw.com | 7/14/2022 12:42:47 PM | SENT |